IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALTON JOHNSON**<br>517 Waldorf Pl, Uniondale, NY, 11553<br>Uniondale, NY 11553.<br><br>**Plaintiff,**<br><br>vs.<br><br>**WASHINGTON PLAZA HOTEL, LLC**<br>1054 31ST ST NW, SUITE 1000<br>Washington DC 20007<br><br>Serve on Resident Agent:<br>THEODORE D.R. VOGEL<br>1054 31ST ST NW, SUITE 1000<br>Washington, DC 20007<br><br>**Defendant.** | Case: 1:22−cv−00376 JURY DEMAND<br>Assigned To : Unassigned<br>Assign. Date : 2/4/2022<br>Description: Personal Inj. (B−DECK) |

## COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiffs by and through their undersigned attorneys and sues the aforementioned defendants and in support of their cause of action state:

### I.  PRELIMINARY STATEMENT

1. This action for monetary and other appropriate relief is brought by plaintiff to redress violations by defendant of plaintiffs' civil and common law rights secured to the plaintiff by the laws of the District of Columbia.

### II.  PARTIES

2. Plaintiff, Alton Johnson (herein after "Mr. Johnson" or "Plaintiff") is a natural person, an elderly retired American citizen residing in Uniondale, New York.

1

3. Washington Plaza Hotel, LLC (herein after "Defendant" or "WPH"), is now and at all times relevant to this suit a hotel in the hospitality business. At all times relevant, Plaintiff was a guess and invitee of WPH.

### III.     JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. The plaintiff is a citizen of the state of New York, and the Defendant is a citizen of the District of Columbia. Additionally, Plaintiff is claiming more than $75,000 in special and compensatory damages.

### IV.     VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Defendant resides and or have its principal place of business in this district at 1054 31 St. NW, Suite 1000, Washington DC 20007. Furthermore, Venue is further proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### V.     FACTUAL ALLEGATIONS

6. On or about August 10, 2021, Mr. Johnson, who is seventy-two (72) years old, and his wife, checked into WPH. Mr. Johnson and his wife were in Washington DC for the occasion of their daughter's moving onto the campus at Howard University in Washington DC.

7. On or about August 11, 2021, at around 5:00 p.m., Mr. Johnson fell and injured himself in the lobby of WPH after bumping into a clear glass table that was not within his sight or visions. Mr. Johnson, who is about six feet (6) tall, bumped into a low laying glass table in the lobby as he was navigating his way through the lobby to get to the restaurant in WPH.

8.      Upon hearing or observing Mr. Johnson fall, a number of WPH front desk and or restaurant employees came to the aid of Mr. Johnson.  One or more of the employees assisting Mr. Johnson remarked that there had been previous incidents where guests bumped into and/or had accidents involving the low laying glass tables in the lobby, and that WPH knew that the low laying glass tables were "a problem" and have done nothing about it.

### VI.      COUNT ONE
### (NEGLIGENCE – PREMESIS LIABILITY)

9.      Plaintiff incorporates all preceding and following paragraphs hereto, as though fully set forth herein.

10.     The Plaintiff was an invitee on the Defendant's premises, in that the Plaintiff was on the premises for a purpose related to the Defendant's business.

11.     The Defendant had a duty of care to the Plaintiff to use reasonable and ordinary care to keep the premises safe for the Plaintiff and protect the Plaintiff from injury caused by unreasonable risk, that Plaintiff could not discover exercising ordinary care.

12.     The Defendant breached this duty and was negligent by failing to properly provide clear and direct walkway or pathway to the restaurant, placing low level glass tables in the lobby from where guests are allowed to access the restaurant,  failing to provide adequate space and pathways between the low level glass tables in the lobby, failing to warn Plaintiff of the risk of accident occasions by the low level glass tables and failing to make changes to the arrangement and placement of the low level glass tables after previous accidents caused by said lobby tables.

13.     As a direct and proximate result of Defendant's negligence, plaintiff suffered the following injuries and damages.

   a.      Physical pain and mental anguish in the past and future.

   d.      Scars and discoloration in the past and future.

3

f.      Medical expenses in the past and future.

g.      Loss of consortium in the past.

## VII. PRAYER

For these reasons, plaintiff asks for judgment against defendant for the following:

a.      Actual damages of $90,000.

b.      Prejudgment and post-judgment interest.

c.      Costs of suit.

d.      All other relief the Court deems appropriate.

## XIII.  JURY DEMAND

Mr. Johnson requests a trial by jury on all issues and claims stated herein.

Respectfully Submitted,

*/s/ George Rose*
George A. Rose, Esquire
Federal Bar Number: 26086
Rose Law Firm, LLC
9134 Liberty Road
Baltimore, MD  21133
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net
Attorney for *Plaintiff Mr. Alton Johnson*